DENNIS, Judge,
concurring.
In State v. Matthews, 408 So.2d 1274 (La.1982) this court held that when, unknown to a person under arrest and subjected to interrogation, an identified attorney is actually available and seeking an opportunity to render assistance to him, and the police do not inform him of that fact, any statement or the fruits of any statement obtained cannot be rendered admissible on the theory that the person knowingly and intelligently waived counsel. See State v. Jackson, 303 So.2d 734 (La.1974). The present case is distinguishable from Matthews and Jackson, however. Defendant, Johnson was offered an opportunity to have his lawyer with him during questioning but he declined. There is no indication that his attorney tried to contact Johnson during interrogation and nothing to suggest that he could not have interrupt *1146 ed the questioning and sought the advice of his counsel at any point.